IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  Plaintiff )<br> )<br>Vs. )<br> )<br>ALDRIC HARRIS, )<br>  Defendant ) | Criminal Court Division<br><br>Case Number 3:05cr223-LSC |

Received 2006 AUG -3  10: 11

MOTION TO REVIEW SENTENCE

Comes now Defendant, Aldric Harris, pro se, before this Honorable Court, and request for review of sentence imposed in the above styled cause for the following reasons;

1 ) Sentence imposed was 120 months for violation of §18 U.S.C.S. 922 (g) 1.

2 ) §18 U.S.C.S 922 (g) 1, states it shall be unlawful for any person- **(1) Who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;.**

3 ) 18 U.S.C.S. 924 Penalties; subparagraph a (D) willfully violates any other provision of this chapter, shall be fined under this title, imprisoned **not more than five years or both.**

4 ) The enhancement listed under the this provision does not encompass an additional enhancement due to the offense is a State carry-over charge and subsequintly fails to meet the definition of such additional penalites; The base offense level and the sentence both should be considered doubled and such is also indicated in the P.S.R., which again contains convictions that do not meet the violate statute, because under color of State law ( for which obtained the convictions) list the offenses as **NON-VIOLATE,** moreso the "drug offense" is for simple possession and again does not meet the drug offense violation to enhance

a subsequent conviction in another jurisdiction. see **U.S. V. MARTINEZ** 232 F3d 728, 735 ; thus misapplied.

5 ) The p.s.r. informed the Court that the defendant had infact met the requirements and this simply is not true, therefore the sentence imposed was considered upon information outside of the applicable guidelines and the punishment range substantially increased and unwarranted.

6) The Federal R. CR. Pro. Rule 35, allows the Court to correct a sentence that has been shown to be beyond the range for a certain statute violation.

7 ) The Imposed sentence was allocated based upon errorous information and misapplied subparagraphs, thus the Court could not have known that the section referred to in the sentencing phase on this Defendant.

WHEREFORE THE FOREGOING CONSIDERED: it is prayed this Honorable Court will re-assess the punishment in this cause and reduce the term imposed in accordance with the maximum allowed by the statute violation.

Done this 28th day of July, 2006.

Respectfully submitted,

*Aldric L. Harris*
Aldric Harris #162606
3800 Fountain  Dorm 4-129
Atmore, Alabama  36503